IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| BEE CUPS LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 4:25-cv-246-JDK-JDL |
| | § | |
| THE INDIVIDUALS, BUSINESS ENTITIES, and UNINCORPORATED ASSOCIATIONS IDENTIFIED ON EXHIBIT 1, | § | |
| | § | |
| Defendants. | § | |

**ORDER**

Before the Court is Plaintiff Bee Cups's motion to amend the asset freeze order entered on April 1, 2025, and to enter a preliminary injunction against all Defendants who have not responded. Docket No. 41. For the reasons stated below, the motion is **GRANTED-IN-PART** and **DENIED-IN-PART**.

**I.**

Pursuant to the parties' agreement, the asset restraint of Defendant Light in the Box Limited (200) is **AMENDED** to $100,000 total.

But the Court needs more information to determine whether a $20,000 or $40,000 asset restraint for Defendants appreciarel (191), dinburnent (195), indsorart (199), and ocrurence (206) is appropriate. After a plaintiff has met its burden of showing an asset freeze is necessary, the burden shifts to the defendant "to show what, if any, assets are exempt from the freeze on the ground that they are not linked to the profits of the allegedly infringing activity." *Prep Sols., Ltd. v. Leicht*,

1

2022 WL 1812298, at *2 (E.D. Tex. June 2, 2022) (collecting cases); *see also* 17 U.S.C. § 504(b) (providing disgorgement, except that "the infringer is required to prove his or her deductible expenses and the elements of profit attributable to factors other than the copyrighted work"). Plaintiff has notified the Court that these Defendants seek to limit the restraint to $20,000, but Defendants have not explained why.

Accordingly, the Court **ORDERS** Defendants appreciarel (191), dinburnent (195), indsorart (199), and ocrurence (206) to show which assets, if any, should be exempt from the freeze order by **May 14, 2025**. Failure to do so will result in the asset freeze being amended to $40,000 total.

## II.

Plaintiff also asks the Court to grant its preliminary injunction motion against "the remaining Defendants in this matter, who have neither appeared, nor filed any response in opposition to" the motion. Docket No. 41 at 2. But as the Court has already noted, a preliminary injunction may not be entered absent notice to the adverse parties. FED. R. CIV. P. 65(a)(1); *see also Harris Cnty v. CarMax Auto Superstores, Inc.*, 177 F.3d 306, 326 (5th Cir. 1999) (noting that "compliance with Rule 65(a)(1) is mandatory"). Currently, there is no indication in the record that Plaintiff has served any of the Defendants with process. At the May 2, 2025 hearing, Plaintiff's counsel stated that he had emailed the relevant documents to all Defendants' email addresses on April 29, 2025. And several Defendants have appeared, indicating that Plaintiff's email reached at least some of them. But this alone is insufficient to enjoin hundreds of Defendants about whom the Court knows next to nothing. *See Buckler v. Austin*, 2023 WL 2557360, at *2 (W.D. Tex. Jan. 20,

2023) (denying a preliminary injunction when there was "no hard proof that Defendants received the motion"). The Court therefore **DENIES** Plaintiff's motion for a preliminary injunction without prejudice to refiling once the notice requirement is satisfied.

So **ORDERED** and **SIGNED** this **9th** day of **May, 2025.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE