IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| BEE CUPS LLC, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Case No. 4:25-cv-246-JDK-JDL |
| § | |
| THE INDIVIDUALS, BUSINESS § | |
| ENTITIES, and UNINCORPORATED § | |
| ASSOCIATIONS IDENTIFIED ON § | |
| EXHIBIT 1, § | |
| § | |
| Defendants. § | |

**ORDER**

Before the Court is Plaintiff Bee Cups's second motion for a preliminary injunction against all remaining Defendants. Docket No. 55. Because the Court still lacks proof that all the Defendants have notice, the Court **DENIES** the motion.

Plaintiff asks the Court to grant its preliminary injunction motion against "the remaining Defendants in this matter, who have neither appeared, nor filed any response in opposition to Plaintiff's multiple requests for preliminary injunctive relief." Docket No. 55 at 1. But as the Court has already noted twice, a preliminary injunction may not be entered absent notice to the adverse parties. FED. R. CIV. P. 65(a)(1); *see also Harris Cnty v. CarMax Auto Superstores, Inc.*, 177 F.3d 306, 326 (5th Cir. 1999) (noting that "compliance with Rule 65(a)(1) is mandatory"); Docket No. 46 (denying the previous preliminary injunction motion for lack of notice).

According to Plaintiff's motion, nothing has changed between the May 2, 2025 hearing and today. *See* Docket No. 55-1 (asserting that Defendants were "served" via

1

email on April 29, 2025). There is still no indication in the record that Plaintiff has served any of the Defendants with process. *See* Docket No. 57 at 5 (noting that Plaintiff's second motion for alternative service appears to be "an exact, copy-and-pasted argument from Plaintiff's first motion"). While several Defendants have appeared and many others have settled, this alone is insufficient to enjoin hundreds of Defendants about whom the Court knows next to nothing. *See Buckler v. Austin*, 2023 WL 2557360, at *2 (W.D. Tex. Jan. 20, 2023) (denying a preliminary injunction when there was "no hard proof that Defendants received the motion"). Plaintiff's own motion highlights its notice problem: If these Defendants have "neither appeared, nor filed any response in opposition," Docket No. 55 at 1, it may be because the April 29 email did not reach them. *See* Docket No. 57 at 2 (noting that "Plaintiff had not verified that each of the Defendants had a valid email address to effectuate service"). Without any "hard proof" that Plaintiff has provided notice, the Court cannot assume it has done so. *See Buckler*, 2023 WL 2557360, at *2.

The Court therefore **DENIES** Plaintiff's motion for a preliminary injunction (Docket No. 55) without prejudice to refiling once the notice requirement is satisfied.

So **ORDERED** and **SIGNED** this **18th** day of **June, 2025.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE